## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **DAIMLER AG**<br>**Mercedesstrasse 137**<br>**70327 Stuttgart**<br>**Germany**<br><br>**a German Corporation**<br><br>*Plaintiff,*<br><br>*v.*<br><br>**POWERWHEELS PRO LLC**<br>**1058 Highland Road**<br>**Waterford, MI 48328**<br><br>**a Michigan Limited Liability Company**<br><br>Serve:  **Vassilios Papadopoulos,**<br>**Registered Agent**<br>**5961 Christina Drive**<br>**West Bloomfield, MI 48324**<br><br>*and*<br><br>**DOES 1-10,**<br><br>*Defendants.* | Civil Action No. _____ |

## <u>COMPLAINT</u>

COMES NOW, Plaintiff Daimler AG ("Daimler"), by counsel, to hereby file

its Complaint for Damages and Declaratory Relief ("Complaint") against

1

Defendants Powerwheels Pro LLC ("Powerwheels Pro") and DOES 1–10, inclusive (collectively, "Defendants"), and states as follows:

## NATURE OF THE ACTION

1. This is a civil action for design patent infringement, trademark infringement, counterfeiting, false designation of origin, unfair competition, and related claims under federal and Michigan state law resulting from: (i) Defendants use of various trademarks owned by Daimler in connection with the offer for sale, sale and distribution of wheels which are not authorized or sold by Daimler, and (ii) Defendants' offer for sale, sale, and distribution of wheels which blatantly infringe issued design patents in various wheel designs that are owned by Daimler.

2. Daimler's claims arise under the United States Trademark Act (Lanham Act of 1946), 15 U.S.C. § 1051 *et seq.*, under the United States Patent Act, 35 U.S.C. §§ 1 *et seq.*, and under Michigan statutory and common law. As a result of Defendants' conduct as alleged herein, Daimler seeks permanent injunctive relief and the recovery of actual damages, Defendants' profits, trebled damages, statutory damages, costs, attorneys' fees, and other relief as more fully set forth herein.

## THE PARTIES

3. Plaintiff Daimler is a German corporation, having a principal place of business at Mercedesstrasse 137, 70327 Stuttgart, Germany. Daimler is a worldwide producer of premier luxury passenger automotive vehicles and parts

therefor, including wheels. Daimler is the owner of the patents and trademarks described herein, which it administers for the benefit of Daimler's U.S. subsidiaries and non-exclusive licensees.

4.    Defendant Powerwheels Pro is a Michigan limited liability company with its principal place of business at 1058 Highland Road, Waterford, MI 48328. Powerwheels Pro is in the business of selling automotive wheels, including by online sales via the website located at www.powerwheelspro.com.

5.    Daimler does not know the true names of the defendants DOES 1–10, and thus names said defendants fictitiously. Defendants DOES 1–10 are entities or individuals residing and/or present in this Judicial District and therefore subject to the jurisdiction of this Court, and include, but are not limited to, principals or managing agents of Powerwheels Pro who are dominant and active forces behind the wrongful acts complained of herein, suppliers of the Powerwheels Pro and/or Individual Defendants, or other entities or individuals who are manufacturing, offering for sale, selling, or distributing counterfeit and other goods so as to participate in the acts of infringement alleged herein (collectively referred to herein as "DOE Defendants"). The identities of the various DOE Defendants are unknown to Daimler at this time. Daimler will amend this Complaint to substitute the true names of the DOE Defendants as they are discovered. Powerwheels Pro and the DOE Defendants are collectively referred to herein as the "Defendants."

## JURISDICTION AND VENUE

6.    This action arises under the patent and trademark laws of the United States, 35 U.S.C. §§ 1 et seq. and 15 U.S.C. §§ 1051 et seq., respectively, and therefore this Court has jurisdiction over the subject matter pursuant to 28 U.S.C. § 1331 (federal question) and § 1338 (patent and trademark infringement).   This Court has supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367.

7.    This Court has personal jurisdiction over Defendants as residents of this District.   Defendants' residency is based on Powerwheels Pro's principal place of business being located in this judicial district, and DOE Defendants' principal place(s) of business (for entities) or domicile(s) (for individuals) within the State of Michigan.    In addition, Defendants market, distribute and/or sell infringing products throughout the United States, including to customers within this judicial district.

8.    Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

### Daimler and its Famous Brands and Products

9.    Daimler is a well-known designer and manufacturer of luxury passenger automotive vehicles and parts therefor, including wheels.   Daimler and/or its predecessors in interest have designed and manufactured vehicles since

4

1886, and since at least as early as 1926 have produced and sold worldwide, including in the United States through its wholly-owned United States subsidiaries, its vehicles and related parts under the distinctive Mercedes-Benz brand. For almost 90 years, the Daimler Mercedes-Benz brand of vehicles has been and continues to be recognized worldwide, including in the United States.

10.   The Mercedes-Benz brand stands for supreme excellence in terms of products, technology and services. In Fiscal Years 2013 and 2014 alone, Daimler's wholly owned subsidiaries sold 663,000 Mercedes Benz vehicles in the United States.[1]  In 2015, Forbes ranked the Mercedes-Benz brand 24th among the world's most valuable brands.[2]

### Daimler's Trademarks

11.   Daimler has protected its exclusive brand, innovative designs, and cutting-edge technologies through a broad range of federal and common law trademark rights.

12.   Since at least 1926, Daimler and/or its predecessors in interest have continuously and extensively employed the word mark MERCEDES-BENZ in connection with advertising and selling luxury vehicles and/or related goods or services. Daimler and/or its predecessors in interest have also continuously and extensively employed one or more of the following marks displaying a three-point

---

[1] https://www.daimler.com/company/business-units/mercedes-benz-cars/
[2] http://www.forbes.com/companies/mercedes-benz/

design in connection with advertising and selling Mercedes-Benz vehicles and/or related goods and services since at least 1909 (the three-point star designs) and 1926 (the three-point star design inside the wreath):

  

13. For the past decade, Daimler and/or its predecessors in interest have also owned AMG, the world-famous high performance division of Mercedes-Benz, which has sold to customers under the "AMG" word and word-plus-design marks since 1967.

14. Daimler owns federal trademark and service mark registrations across numerous categories of goods and services, including in Class 12. In particular, Daimler owns all rights, title and interest in the following federally registered trademarks in Class 12, for which true and correct copies of the registration certificates, and any applicable renewals and/or assignment abstracts of title are attached hereto as sub-parts of **Exhibits 1–6**:

| Mark | U.S. Reg. No. | Relevant Goods/Services in Class 12 |
|------|---------------|-------------------------------------|
| (Ex. 1) | 3,614,891 | Automobile parts, namely, . . . wheels . . . all the foregoing for use with land vehicles . . . . |
| (Ex. 2) | 4,423,458 | Parts for vehicles and engines, namely, . . . wheels . . . . |
| ////AMG (Ex. 3) | 3,305,055 | Automobiles, passenger cars, and structural parts therefor |
| ////AMG (Ex. 4) | 1,807,353 | Automobiles and structural parts therefor |
| AMG (Ex. 5) | 1,660,727 | Automobiles and structural parts therefor |
| SLR (Ex. 6) | 2,227,526 | Automobiles |

15.   The above-referenced registered and common law marks are hereinafter collectively referred to as the "DAIMLER Marks."

16.    Daimler's use in commerce of the DAIMLER Marks started prior to any use thereof that may be claimed by Defendants.

17.  Pursuant to Section 7(b) of the Lanham Act, 15 U.S.C. § 1057(b), Daimler's federal registration certificates of the DAIMLER Marks are *prima facie* evidence of their validity.

18.  Pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065, Daimler's mark consisting of AMG & Design (U.S. Reg. No. 1,807,353) has become incontestable.   A copy of a USPTO Trademark Status & Document Retrieval (TSDR) status page showing acknowledgment of Incontestability under Section 15 for U.S. Reg. No. 1,807,353 is attached hereto as **Exhibit 4d**.

19.  Pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065, Daimler's mark consisting of the word "AMG" (U.S. Reg. No. 1,660,727) has become incontestable.   A copy of the notice acknowledging the incontestability of U.S. Reg. No. 1,660,727 is attached hereto as **Exhibit 5d**.

20.  Based on their incontestability, the federal registrations of the AMG & Design mark and the "AMG" word mark are conclusive evidence of Daimler's exclusive rights to use them in commerce in connection with automobiles and parts thereof.

21.  Over the past many years, Daimler, Daimler's predecessors in interest, and/or their affiliates, have established the DAIMLER Marks in the minds of its

customers and the general public as being associated with a source of high quality vehicles, parts and accessories.

22. Daimler has expended millions of dollars in advertising across the country in connection with the DAIMLER Marks. As a result of Daimler's extensive use and promotion of the DAIMLER Marks, Daimler has established the DAIMLER Marks as famous and/or well-known distinctive marks among U.S. purchasers of motor vehicles and wheels as well as among the general members of the U.S. public.

23. The DAIMLER Marks became famous prior to any use thereof by Defendants.

24. The DAIMLER Marks symbolize the goodwill of Daimler, and have become assets of incalculable value to Daimler.

25. To create and maintain goodwill among its customers, Daimler and its subsidiaries and/or licensees have taken substantial steps to assure that all authorized dealers and service providers using the DAIMLER Marks are of the highest quality.

26. Daimler has never authorized or consented to Defendants' use of the DAIMLER Marks, or any confusingly similar marks by Defendants. Further, Daimler has never authorized Defendants to copy, manufacture, import, market, sell or distribute any products bearing the DAIMLER Marks.

## Daimler's Design Patents

27.   Daimler also owns all rights, title and interest in the following U.S.

Design patents:

| U.S. Design Patent No. and Issue Date | Representative View of Claimed Design |
|---|---|
| D542,211 ("the 'D211 Patent") Issued May 8, 2007 (Ex. 7) |  FIG.2 |
| D582,330 ("the 'D330 Patent") Issued Dec. 9, 2008 (Ex. 8) |  FIG. 2 |

| U.S. Design Patent No. and Issue Date | Representative View of Claimed Design |
|---|---|
| D585,802 ("the 'D802 Patent") Issued Feb. 3, 2009 (Ex. 9) |  FIG. 2 |
| D532,733 ("the 'D733 Patent") Issued Nov. 28, 2006 (Ex. 10) |  FIG. 2 |
| D656,078 ("the 'D078 Patent") Issued Mar. 20, 2012 (Ex. 11) |  FIG. 2 |

| U.S. Design Patent No. and Issue Date | Representative View of Claimed Design |
|---|---|
| D569,776 ("the 'D776 Patent") <br><br> Issued May 27, 2008 <br><br> (Ex. 12) |  <br> FIG. 2 |
| D602,834 ("the 'D834 Patent") <br><br> Issued Oct. 27, 2009 <br><br> (Ex. 13) |  <br> FIG. 2 |
| D572,646 ("the 'D646 Patent") <br><br> Issued Jul. 8, 2008 <br><br> (Ex. 14) |  <br> FIG. 2 |

| U.S. Design Patent No. and Issue Date | Representative View of Claimed Design |
|---|---|
| D582,328 ("the 'D328 Patent") Issued Dec. 9, 2008 (Ex. 15) |  FIG. 2 |
| D486,437 ("the 'D437 Patent") Issued February 10, 2004 (Ex. 16) |  FIG. 6 |

| U.S. Design Patent No. and Issue Date | Representative View of Claimed Design |
|---|---|
| D542,726 ("the 'D726 Patent") Issued May 15, 2007 (Ex. 17) |  FIG. 2 |
| D578,949 ("the 'D949 Patent") Issued Oct. 21, 2008 (Ex. 18) |  FIG. 2 |
| D604,221 ("the 'D221 Patent") Issued Nov. 17, 2009 (Ex. 19) |  FIG. 2 |

| U.S. Design Patent No. and Issue Date | Representative View of Claimed Design |
|---|---|
| D466,852 ("the 'D852 Patent") Issued Dec. 10, 2002 (Ex. 20) |  FIG.2 |

28. True and correct copies of the foregoing U.S. Design Patents (collectively the "DAIMLER Patents") are attached hereto as **Exhibits 7–20**.

29. Daimler and/or its predecessors in interest have expended much effort and resources to create the original artistic and ornamental designs claimed in the DAIMLER Patents.

30. The 'D330 Patent, the 'D802 Patent, the 'D078 Patent, the 'D834 Patent, the 'D646 Patent, the 'D328 Patent, the 'D949 Patent, and the 'D221 Patent are assigned to Daimler, as shown on the face of the patents.

31. An assignment to Daimler of the 'D211 Patent, the 'D726 Patent, the 'D437 Patent, the 'D852 Patent, and the 'D733 Patent, and the application that issued as the 'D776 Patent, from its predecessor company, DaimlerChrysler AG,

the original assignee, is recorded at Reel/Frame No. 20986/1.   Copies of the Abstracts of Title for the 'D211 Patent, the 'D726 Patent, the 'D437 Patent, the 'D852 Patent, the 'D733 Patent, and the 'D776 Patent are respectively attached hereto as **Exhibits 21a–21f**.

32.  Pursuant to 35 U.S.C. § 282, the Daimler Patents and the claims therein, are each presumed valid.

33.  Following the grant of each of the DAIMLER Patents, Daimler, its subsidiaries, and/or its licensees have continuously produced and sold wheels that embody the invention claimed therein, either in conjunction with a complete vehicle or as a stand-alone product.

## Defendants' Infringing Activities

34.  Defendants have operated and continue to operate a website on the Internet at www.powerwheels.com through which Defendants advertise, offer for sale, and sell automobile components, including wheels.   Among these wheels advertised, offered for sale, and sold through www.powerwheels.com are the following (collectively the "Accused Products"):

a.  "AMG Style 815" (the "815 Wheel").   A printout of the direct webpage through which Defendants advertise, offers for sale, and/or sells the 815 Wheel (http://www.powerwheelspro.com/shop/product_info.php?

16

manufacturers_id=&productsid=190) is attached hereto as **Exhibit 22a** (visited on Jan. 22, 2016).

    b. "AMG Style 818 35 MM" (the "818 Wheel"). A printout of the direct webpage through which Defendants advertise, offer for sale, and/or sell the 818 Wheel (http://www.powerwheelspro.com/shop/product_info.php? manufacturers_id=&products_id=675) is attached hereto as **Exhibit 22b** (visited on Jan. 22, 2016).

    c. "AMG Style 801" (the "801 Wheel"). A printout of the direct webpage through which Defendants advertise, offer for sale, and/or sell the 801 Wheel (http://www.powerwheelspro.com/shop/product_info.php? manufacturers_id=&products_id=537) is attached hereto as **Exhibit 22c** (visited on Jan. 22, 2016).

    d. "AMG Style 804 SLR" (the "804 SLR Wheel"). A printout of an archived capture of the direct webpage through which Defendants have advertised, offered for sale, and/or sold the 804 SLR Wheel (http://www. powerwheelspro.com/shop/product_info.php?manufacturers_id=&products_ id=303) is attached hereto as **Exhibit 22d** (capture by Internet Archive Wayback Machine from July 7, 2009 on January 22, 2016).

    e. "AMG Style 807" (the "807 Wheel"). A printout of the direct webpage through which Defendants advertise, offer for sale, and/or sell the

807 Wheel (http://www.powerwheelspro.com/shop/product_info.php?manufacturers_id=&products_id=187) is attached hereto as **Exhibit 22e** (visited on Jan. 22, 2016).

f. "AMG Style 809 GMF" (the "809 GMF Wheel"). A printout of the direct webpage through which Defendants advertise, offer for sale, and/or sell the 809 GMF Wheel (http://www.powerwheelspro.com/shop/product_info.php?manufacturers_id=& products_id=544) is attached hereto as **Exhibit 22f** (visited on Jan. 22, 2016).

g. "AMG Style 810" (the "810 Wheel"). A printout of the direct webpage through which Defendants advertise, offer for sale, and/or sell the 810 Wheel (http://www.powerwheelspro.com/shop/product_info.php?manufacturers_id=&products_id=47) is attached hereto as **Exhibit 22g** (visited on Jan. 22, 2016).

h. "AMG Style 814" (the "814 Wheel"). A printout of the direct webpage through which Defendants advertise, offer for sale, and/or sell the 814 Wheel (http://www.powerwheelspro.com/shop/product_info.php?manufacturers_id=&products_id=305) is attached hereto as **Exhibit 22h** (visited on Jan. 22, 2016).

i. "AMG Style 811 35mm" (the "811 Wheel"). A printout of the direct webpage through which Defendants advertise, offer for sale, and/or sell the

811     Wheel     (http://www.powerwheelspro.com/shop/product_info.php?
manufacturers_id=&products_id=699) is attached hereto as **Exhibit 22i**
(visited on Jan. 22, 2016).

  j.  "AMG Style 819 45mm" (the "819 Wheel").  A printout of the direct
webpage through which Defendants advertise, offer for sale, and/or sell the
819 Wheel (http://www.powerwheelspro.com/shop/product_info.php?
manufacturers_id=&products_id=727) is attached hereto as **Exhibit 22j**
(visited on Jan. 22, 2016).

  k.  "AMG Style 823 35mm" (the "823 Wheel").  A printout of the direct
webpage through which Defendants advertise, offer for sale, and/or sell the
823     Wheel     (http://www.powerwheelspro.com/shop/product_info.php?
manufacturers_id=&products_id=614) is attached hereto as **Exhibit 22k**
(visited on Jan. 22, 2016).

  l.  "AMG Style 824 GMF" (the "824 Wheel").  A printout of the direct
webpage through which Defendants advertise, offer for sale, and/or sell the
824     Wheel     (http://www.powerwheelspro.com/shop/product_info.php?
manufacturers_id=&products_id=615) is attached hereto as **Exhibit 22l**
(visited on Jan. 22, 2016).

  m. "AMG Style 825 43mm" (the "825 Wheel").  A printout of the direct
webpage through which Defendants advertise, offer for sale, and/or sell the

825 Wheel (http://www.powerwheelspro.com/shop/product_info.php?manufacturers_id=&products_id=472) is attached hereto as **Exhibit 22m** (visited on Jan. 22, 2016).

n. "AMG Style 826" (the "826 Wheel"). A printout of the direct webpage through which Defendants advertise, offer for sale, and/or sell the 826 Wheel (http://www.powerwheelspro.com/shop/product_info.php?manufacturers_id=&products_id=664) is attached hereto as **Exhibit 22n** (visited on Jan. 22, 2016).

o. "AMG Style 827 35 mm" (the "827 Wheel"). A printout of the direct webpage through which Defendants advertise, offer for sale, and/or sell the 827 Wheel (http://www.powerwheelspro.com/shop/product_info.php?manufacturers_id=&products_id=709) is attached hereto as **Exhibit 22o** (visited on Jan. 22, 2016).

p. "AMG Style 828 35 mm" (the "828 Wheel"). A printout of the direct webpage through which Defendants advertise, offer for sale, and/or sell the 828 Wheel (http://www.powerwheelspro.com/shop/product_info.php?manufacturers_id=&products_id=725) is attached hereto as **Exhibit 22p** (visited on Jan. 22, 2016).

q. "AMG Style 830" (the "830 Wheel"). A printout of the direct webpage through which Defendants advertise, offer for sale, and/or sell the

830 Wheel (http://www.powerwheelspro.com/shop/product_info.php?manufacturers_id=&products_id=529) is attached hereto as **Exhibit 22q** (visited on Jan. 22, 2016).

r. "AMG Style 831" (the "831 Wheel").  Printouts of the direct webpages through which Defendants advertise, offer for sale, and/or sell a 35mm offset 831 Wheel (http://www.powerwheelspro.com/shop/product_info.php?manufacturers_id=&_products_id=545) and a 44 mm offset 831 Wheel (http://www.powerwheelspro.com/shop/product_info.php?manufacturers_id=&products_id=531) are attached hereto as **Exhibit 22r** (visited on Jan. 22, 2016) and **Exhibit 22s** (visited on Jan. 22, 2016), respectively.

s. "AMG Style 833" (the "833 Wheel").  A printout of the direct webpage through which Defendants advertise, offer for sale, and/or sell the 833 Wheel (http://www.powerwheelspro.com/shop/product_info.php?manufacturers_id=&products_id=548) is attached hereto as **Exhibit 22t** (visited on Jan. 22, 2016).

t. "AMG Style 834 42mm" (the "834 Wheel").  A printout of the direct webpage through which Defendants advertise, offer for sale, and/or sell the 834 Wheel (http://www.powerwheelspro.com/shop/product_info.php?

manufacturers_id=&products_id=575) is attached hereto as **Exhibit 22u** (visited on Jan. 22, 2016).

u. "AMG Style 837 43mm" (the "837 Wheel"). A printout of the direct webpage through which Defendants advertise, offer for sale, and/or sell the 837 Wheel (http://www.powerwheelspro.com/shop/product_info.php? manufacturers_id=&products_id=716) is attached hereto as **Exhibit 22v** (visited on Jan. 22, 2016).

v. "AMG Style 841 35 mm" (the "841 Wheel"). A printout of the direct webpage through which Defendants advertise, offer for sale, and/or sell the 841 Wheel (http://www.powerwheelspro.com/shop/product_info.php? manufacturers_id=&products_id=714) is attached hereto as **Exhibit 22w** (visited on Feb. 22, 2016).

w. "AMG Style 850" (the "850 Wheel"). A printout of the direct webpage through which Defendants advertise, offer for sale, and/or sell the 850 Wheel (http://www.powerwheelspro.com/shop/product_info.php? manufacturers_id=&products_id=546) is attached hereto as **Exhibit 22x** (visited on Jan. 22, 2016).

x. "AMG Style 851 30 mm" (the "851-30 Wheel"). A printout of the direct webpage through which Defendants advertise, offer for sale, and/or sell the 851-30 Wheel (http://www.powerwheelspro.com/shop/product_info.

php? manufacturers_id=&_products_id=543) is attached hereto as **Exhibit 22y** (visited on Jan. 22, 2016).

y. "AMG Style 851 45mm" (the "851-45 Wheel"). A printout of the direct webpage through which Defendants advertise, offer for sale, and/or sell the 851-45 Wheel (http://www.powerwheelspro.com/shop/product_info.php?manufacturers_id=&_products_id=601) is attached hereto as **Exhibit 22z** (visited on Jan. 22, 2016).

35. On July 27, 2015, Daimler's investigator purchased a set of four 815 Wheels through the corresponding direct webpage (*see* Ex. 22a) for a total price of $854.00. As shown in the documentation of the purchase order and the corresponding delivery, attached hereto as **Exhibit 23**, the purchased 815 Wheels were shipped from Powerwheels Pro, 1058 Highland Road, Waterford, MI 48328. The location/facility that shipped the purchased product is owned or otherwise controlled by Defendants and/or their agents.

36. The purchased 815 Wheels were inspected to verify that they are not genuine products manufactured or authorized by Daimler, its subsidiaries, or licensees. The inspection of the purchased items confirmed that the 815 wheels sold were, in fact, counterfeit Daimler products based on Defendants' use of at least one DAIMLER Mark on the wheels and/or in connection with their advertisement, offer for sale, and/or sale.

37. The 815 Wheel embodies the design of the 'D211 Patent, as demonstrated by photographs of the purchased AMG 815 Wheel attached hereto as **Exhibit 24,** as well as the picture on the corresponding direct webpage (*see* Ex. 22a).

38. The 818 Wheel embodies the design of the 'D330 Patent, as demonstrated by the pictures on the corresponding direct webpage (*see* Ex. 22b).

39. The 809 GMF Wheel embodies the design of the 'D802 Patent, as demonstrated by the pictures on the corresponding direct webpage (*see* Ex. 22f).

40. The 811 Wheel embodies the design of the 'D733 Patent, as demonstrated by the pictures on the corresponding direct webpage (*see* Ex. 22i).

41. The 819 Wheel embodies the design of the 'D078 Patent, as demonstrated by the pictures on the corresponding direct webpage (*see* Ex. 22j).

42. The 824 Wheel embodies the design of the 'D776 Patent, as demonstrated by the pictures on the corresponding direct webpage (*see* Ex. 22l).

43. The 826 Wheel embodies the design of the 'D834 Patent, as demonstrated by the pictures on the corresponding direct webpage (*see* Ex. 22n).

44. The 827 Wheel embodies the design of the 'D646 Patent, as demonstrated by the pictures on the corresponding direct webpage (*see* Ex. 22o).

45. The 828 Wheel embodies the design of the 'D328 Patent, as demonstrated by the pictures on the corresponding direct webpage (*see* Ex. 22p).

46. The 830 Wheel embodies the design of the 'D437 Patent, as demonstrated by the pictures on the corresponding direct webpage (*see* Ex. 22q).

47. The 831 Wheel embodies the design of the 'D726 Patent, as demonstrated by the pictures on the corresponding direct webpage (*see* Exs. 22r and 22s).

48. The 833 Wheel embodies the design of the 'D949 Patent, as demonstrated by the pictures on the corresponding direct webpage (*see* Ex. 22t).

49. The 837 Wheel embodies the design of the 'D221 Patent, as demonstrated by the pictures on the corresponding direct webpage (*see* Ex. 22v).

50. The 850 Wheel embodies the design of the 'D852 Patent, as demonstrated by the pictures on the corresponding direct webpage (*see* Ex. 22x).

51. On information and belief, in addition to offering the Accused Products for sale, Defendants actually sold each of the Accused Products to consumers through the www.powerwheelspro.com website and the webpages thereof.

52. By the sale of the 815 Wheels and the direct webpages for the Accused Products, Defendants are using marks that are confusingly similar to, identical to, and/or constitute counterfeit reproductions of the DAIMLER Marks, to sell and offer for sale unauthorized products that bear a substantially similar design to one of the DAIMLER Patents.

53. Defendants' conduct and use as alleged herein began long after

Daimler's adoption and use of the DAIMLER Marks and DAIMLER Patents, after Daimler obtained the trademark and patent registrations alleged above, and after the DAIMLER Marks became famous.

54. Defendants provide the following language (the "Trademark Statement") at the bottom of one page of its website:

> Our use of the AUDI, BMW, MERCEDES BENZ, VOLKSWAGEN trademarks in regards to the referenced wheels should be considered a non-confusing "nominative use" as it meets the following requirements (1) we only use as much of the trademark as is reasonably necessary to identify the trademark owner's products; and (2) we do nothing that would, in conjunction with the trademark, suggest to the reader sponsorship or endorsement by the trademark owner.
>    A trademark owner by choosing a descriptive term as its trademark must live with the result that an author remains free to write about or use the trademark in its "primary" or descriptive sense. Legal doctrine defines fair use of a trademark as the "reasonable and good faith use of a descriptive term that is another's trademark to describe rather than to identify the user's goods, services or business"
> . . . .

55. A printout of the direct webpage containing the Trademark Statement (https://www.powerwheelspro.com/shop/about_us.php) is attached hereto as **Exhibit 25**.

56. Regardless of the questionable accuracy and legal effect of the purported disclaimer made by the Trademark Statement, no such language appears on the direct webpages of the Accused Products (*see* Exs. 22a–22z), nor does it address any of the DAIMLER Marks alleged herein.

57.  Pursuant to 35 U.S.C. § 287, this Complaint provides Defendants with actual notice of the DAIMLER Patents.

58.  Defendants have actual knowledge of Daimler's use of and rights in the DAIMLER Marks and/or DAIMLER Patents.  Through the website www.power wheelspro.com, Defendants are willfully infringing upon Daimler's intellectual property rights in order to capitalize upon and profit from Daimler's reputation and goodwill.

59.  Neither Daimler nor any authorized agent of Daimler's has consented to Defendants' use of the DAIMLER Marks or DAIMLER Patents in the manner alleged herein.

60.  Defendants' conduct as alleged herein has been willful, wanton, and in bad faith, and with the intent to dilute the DAIMLER Marks, and to cause confusion and mistake, and to deceive the consuming public and the public at large as to the course, sponsorship and/or affiliation of Defendants and/or Defendants' counterfeit and unauthorized goods.  By their wrongful conduct, Defendants have traded upon and diminished Daimler's goodwill.

61.  Daimler lacks any control over the quality of the wheels that are manufactured, reproduced, offered for sale, sold and/or distributed by or on behalf of Defendants in association with the DAIMLER Marks.  Accordingly, Daimler has no control over the quality of such wheels, and whether such wheels have the

potential to cause injury to persons who drive automobiles utilizing such wheels and to other persons and property nearby.

62.  As a result of the Defendants' unlawful infringing activities, Daimler has suffered irreparable harm, and, unless Defendants are enjoined by this Court, will continue to suffer irreparable harm for which there is no adequate remedy at law.

**COUNT I**
**Infringement of U.S. Design Patents**
**(35 U.S.C. § 1 *et seq.*)**

63.  Daimler realleges and incorporates by reference the allegations set forth above.

64.  Defendants are directly infringing the DAIMLER Patents by manufacturing, using, offering for sale, and/or selling in the United States, and/or importing into the United States, products that have substantially the same design in the eye of an ordinary observer as: 'D211 Patent, the 'D330 Patent, the 'D802 Patent, the 'D733 Patent, the 'D776 Patent, the 'D078 Patent, the 'D646 Patent, the 'D834 Patent, the 'D328 Patent, the 'D437 Patent, the 'D726 Patent, the 'D949 Design Patent, the 'D221 Patent, and the 'D852 Patent.

65.  Defendants' infringing products include at least the 815 Wheel, the 818 Wheel, the 809 GMF Wheel, the 811 Wheel, the 819 Wheel, the 824 Wheel, the 826 Wheel, the 827 Wheel, the 828 Wheel, the 830 Wheel, the 831 Wheel, the 833

Wheel, the 837 Wheel, and the 850 Wheel.

66. Defendants' continued infringement of the DAIMLER Patents is intentional based on knowledge of the DAIMLER Patents at least through the filing of this action.

67. Defendants have gained profits by virtue of its infringement of the DAIMLER Patents, while Daimler has sustained damages as a direct and proximate result of Defendants' infringing activities alleged herein.

68. The aforementioned acts of infringement by Defendants have caused, and unless enjoined by this Court will continue to cause, irreparable harm to Daimler for which there is no adequate remedy at law.

69. Each and every separate act of patent infringement by Defendants constitutes a separate claim herewith.

**COUNT II**
**Federal Trademark Infringement and Counterfeiting**
**(Lanham Act Sections 32(1) & 35, 15 U.S.C. §§ 1114(1) & 1117)**

70. Daimler realleges and incorporates herein by reference the allegations set forth above.

71. Defendants' use of the registered DAIMLER Marks in connection with the advertisement, offer for sale, and/or sale of wheels through its website www.powerwheelspro.com is likely to cause confusion, cause mistake, or deceive customers as to the source or sponsorship of Defendants' products and website.

72. Defendants' advertisements and/or offers for sale using marks and/or designations that are identical or substantially the same as the DAIMLER Marks for products that are not affiliated with, sponsored by, or authorized by Daimler, constitutes trademark counterfeiting.

73. Defendants' actions as alleged herein constitute use in commerce of reproductions, copies, or colorable imitations of the registered DAIMLER Marks in connection with the sale, offering for sale, distribution and advertising of goods and services in violation of 15 U.S.C. § 1114(1).

74. Defendants' actions as alleged herein have been deliberate, willful, and intentional, with full knowledge and in conscious disregard of Daimler's rights in the registered DAIMLER Marks with intent to trade off Daimler's vast goodwill in its marks.

75. As a direct and proximate result of Defendants' conduct as alleged herein, Daimler has suffered and will continue to suffer great damage to its business, goodwill, reputation and profits, while Defendants profit at its expense.

76. Daimler has suffered irreparable harm and has no adequate remedy at law from the harm caused by Defendants' use of counterfeit marks in the advertisement and/or offer for sale of wheels. Unless Defendants are permanently enjoined by the Court, Daimler will continue to suffer irreparable harm.

77. Defendants' continued and knowing use of the registered DAIMLER

30

Marks without Daimler's consent or authorization as alleged herein constitutes intentional infringement of Daimler's federally registered trademark in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114. Based on such conduct Daimler is entitled to injunctive relief as well as monetary damages, and other remedies provided by 15 U.S.C. § 1117, including Defendants' profits, treble damages, reasonable attorneys' fees, costs, statutory damages and/or prejudgment interest.

78. Each and every separate act of federal trademark infringement by Defendants constitutes a separate claim herewith.

## COUNT III
### Federal Unfair Competition and False Designation of Origin
### (Lanham Act Section 43(a), 15 U.S.C. § 1125(a))

79. Daimler realleges and incorporates herein by reference the allegations set forth above.

80. Defendants' unauthorized use of the DAIMLER Marks in connection with the advertisement, offer for sale, and/or sale of the Accused Products through the webpages of www.powerwheelspro.com falsely designates, describes or represents the Accused Products, and is likely to cause confusion, mistake, and deception as to the affiliation, connection, or association of the Accused Products with Daimler, or as to the sponsorship or approval of said products by Daimler.

81. Defendants' actions as alleged herein have diminished the goodwill in the DAIMLER Marks which Daimler has built up at great labor and expense.

31

82. Defendants' actions as alleged herein constitute unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

83. Defendants' actions as alleged herein with respect to the DAIMLER Mark are likely to cause Daimler to suffer economic harm and/or are likely to result in unjust enrichment to Defendants.

84. Defendants' actions as alleged herein with respect to the DAIMLER Marks have been deliberate, willful, and intentional, with full knowledge and in conscious disregard of Daimler's rights in its marks.

85. As a result of the foregoing alleged actions of Defendants, Daimler has been injured and damaged. Unless the foregoing alleged actions of Defendants are enjoined, Daimler will continue to suffer injury and damage.

**COUNT IV**
**Trademark Dilution**
**(Lanham Act Section 43(c), 15 U.S.C. § 1125(c))**

86. Daimler realleges and incorporates by reference the allegations set forth above.

87. The DAIMLER Marks are distinctive and famous, and have been since prior to Defendants' unauthorized use thereof.

88. The DAIMLER Marks have powerful consumer associations such that even non-competing uses can impinge on their value.

89. Defendants' activities as alleged herein have diluted the distinctive quality of the DAIMLER Marks in violation of 15 U.S.C. § 1125(c).

90. Defendants willfully intended to trade on Daimler's reputation and/or cause dilution of the DAIMLER Marks, entitling Daimler to damages, extraordinary damages, fees and costs pursuant to 15 U.S.C. § 1125(c)(2).

91. Defendants' acts have caused and will continue to cause Daimler irreparable harm. Daimler has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendants' unlawful acts, unless they are enjoined by this Court.

92. Each and every separate act of trademark dilution by Defendants constitutes a separate claim herewith.

**COUNT V**
**<u>Trademark Infringement</u>**
**(Michigan Common Law)**

93. Daimler realleges and incorporates by reference the allegations set forth above.

94. Defendants' actions as alleged herein with respect to the DAIMLER Marks constitute trademark infringement in violation of the common law of Michigan.

95. Defendants' actions as alleged herein with respect to the DAIMLER Marks has caused, is causing and, unless enjoined by this Court, will continue to

cause confusion and mistake in the marketplace and deception of the trade and public as to the source, origin, or sponsorship of Powerwheels Pro's website www.powerwheelspro.com and the Accused Products.

96.   Defendants' actions with respect to the DAIMLER Marks have caused and, unless restrained by this Court, will continue to cause, serious and irreparable damage to Daimler, including within this State, for which Daimler is entitled to relief under the common law.

97.   As a result of the foregoing actions of Defendants, Daimler has been irreparably injured. Unless the foregoing alleged actions of Powerwheels Pro are enjoined, Daimler will continue to suffer such injury.

### COUNT VI
### Unfair Competition
### (Michigan Common Law)

98.   Daimler realleges and incorporates by reference the allegations set forth above.

99.   Defendants' actions as alleged herein with respect to the DAIMLER Marks constitute unfair competition as a matter of Michigan common law, in that Defendants have engaged in unfair or deceptive acts or practices in the conduct of trade or commerce.

100. Defendants' unauthorized use of the DAIMLER Marks is confusing and deceptive to the public, and has caused damage to Daimler's business reputation,

to the DAIMLER Marks, and other rights and properties in an amount to be determined at trial. Daimler is entitled to injunctive relief, attorneys' fees and costs, and other equitable relief as this Court may order.

## PRAYER FOR RELIEF

WHEREFORE, Daimler prays for the following relief:

1.    Entry of a judgment that Defendants have directly infringed the 'D211 Patent, the 'D330 Patent, the 'D802 Patent, the 'D733 Patent, the 'D776 Patent, the 'D078 Patent, the 'D646 Patent, the 'D834 Patent, the 'D328 Patent, the 'D437 Patent, the 'D726 Patent, the 'D949 Patent, the 'D221 Patent, and the 'D852 Patent;

2.'    Grant of a permanent injunction pursuant to 35 U.S.C. § 283, enjoining Defendants and their officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns from further acts of infringement of the 'D211 Patent, the 'D330 Patent, the 'D802 Patent, the 'D733 Patent, the 'D776 Patent, the 'D078 Patent, the 'D646 Patent, the 'D834 Patent, the 'D328 Patent, the 'D437 Patent, the 'D726 Patent, the 'D949 Design Patent, the 'D221 Patent, and the 'D852 Patent;

3.    Entry of a judgment awarding Daimler all damages adequate to compensate for Defendants' infringement of each of the 'D211 Patent, the 'D330

Patent, the 'D802 Patent, the 'D733 Patent, the 'D776 Patent, the 'D078 Patent, the 'D646 Patent, the 'D834 Patent, the 'D328 Patent, the 'D437 Patent, the 'D726 Patent, the 'D949 Design Patent, the 'D221 Patent, and the 'D852 Patent, in an amount to be proven at trial, and in no event less than a reasonable royalty for Defendants' acts of infringement, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

4.     Entry of a judgment awarding Daimler all damages, including treble damages, based on any infringement of the DAIMLER Patents found to be willful pursuant to 35 U.S.C. § 284, together with prejudgment interest;

5.     Entry of a judgment that this is an exceptional case and an award to Daimler of its costs and reasonable attorneys' fees incurred in this action as provided by 35 U.S.C. § 285;

6.     Entry of a judgment that Defendants have infringed the DAIMLER Marks and/or used counterfeits of the DAIMLER Marks in commerce in violation of Daimler's rights under 15 U.S.C. § 1114(1) and under the common law.

7.     Entry of a judgment that Defendants' activities are likely to, or have, diluted the famous DAIMLER Marks in violation of Daimler's rights under 15 U.S.C. § 1125(c);

8.     Entry of a judgment that Defendants have competed unfairly with Daimler in violation of Daimler's rights under 15 U.S.C. § 1125(a) and the common law;

9.     Entry of an order directing Defendants to provide to Daimler for destruction any and all unlawful products or materials, and to compensate Daimler for any and all advertising or other expenses necessary to dispel the public confusion caused by Defendants' unlawful acts;

10.     Entry of a judgment against Defendants for monetary damages in an amount to be proven at trial, including but not limited to, all amounts necessary to compensate Daimler for Defendants' wrongful use of the DAIMLER Marks, including reasonable attorneys' fees and costs;

11.     Alternatively, instead of actual profits and damages, entry of a judgment awarding Daimler statutory damages of $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, pursuant to 15 U.S.C. § 1117(c); which, given Defendants' use of counterfeits of at least 6 distinct registered trademarks owned by Daimler, as further alleged herein, amounts to statutory damages at least as high as $12,000,000;

12.     Entry of a judgment against Defendants for legal fees upon a finding that this case is exceptional under 15 U.S.C. § 1117, and for increased damages upon a finding of willfulness in Defendants' unlawful acts alleged herein with

respect to the DAIMLER Marks, said award to equal at least treble Daimler's actual damages under 15 U.S.C. § 1117; and

13.   Such other relief as this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Daimler hereby demands trial by jury on all issues raised by the Complaint.

Respectfully submitted,

**THE MARBURY LAW GROUP, PLLC**


/s/ Shauna M. Wertheim
Shauna M. Wertheim
Timothy W. Johnson
Joanna L. Cohn
11800 Sunrise Valley Drive, 15th Floor
Reston, Virginia 20191
Telephone:  (703) 391-2900
Facsimile:   (703) 391-2901
swertheim@marburylaw.com
tjohnson@marburylaw.com
jcohn@marburylaw.com


/s/ David A. Cvengros
David A. Cvengros (P48504)
**BISHOP & HEINTZ, P.C.**
440 West Front at Oak
P.O. Box 707
Traverse City, MI 49685-0707
Telephone:  (231) 946-4100
Facsimile:    (231) 946-8543
Dave1@bishopheintz.com

*Counsel for Plaintiff Daimler AG*

38